NAGEL RICE & MAZIE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SUZANNE FOLEY, RONALD DRAZIN, and RONALD SEDLAK, individually and on behalf of all others similarly situated,

   Plaintiffs,

vs

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.

   Defendant.

*Civil Action*

CLASS ACTION COMPLAINT AND JURY DEMAND

Civil Action No.:

---

Plaintiffs Suzanne Foley, Ronald Drazin, and Ronald Sedlak, individually and on behalf of the class of individuals herein similarly situated say:

INTRODUCTION

1. This is a class action, on behalf of all individuals who are covered by medical insurance written by Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter "Horizon") where Horizon has set limitations on payments and denied or reduced coverage for treatment of eating disorders, including, but not limited to, anorexia nervosa and bulimia (hereinafter "Eating Disorders"). The

named plaintiffs are citizens of and reside in New Jersey, certain members of the class are citizens of and reside in New Jersey and other members of the class are citizens of a state other than New Jersey.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint under the Employee Retirement Insurance Security Act of 1974 ("ERISA") §502, 29 U.S.C. §1132. In addition, the Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(d)(2)(A) in that the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 and this is a class action in which members of the class of plaintiffs are citizens of a State different from Horizon.

3. Venue is proper pursuant to 28 U.S.C. Section 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## FIRST COUNT

4. Plaintiff Ronald Drazin, residing at 35 Sunny Ridge Drive, Fairhaven, New Jersey is covered by a policy of insurance issued by Horizon. His daughter is an insured under the policy.

5. Plaintiff Suzanne Foley, residing at 216 Central Ave West Caldwell, New Jersey is covered by a policy of insurance

2

issued by Horizon. Her daughter is an insured under the policy.

6. Plaintiff Ronald Sedlak, residing at 45 Madison Ave., Flemington, New Jersey, is covered by a policy of insurance issued by Horizon. His daughter is an insured under the policy.

7. Defendant, Horizon, with a principal place of business located at Three Penn Plaza East, Newark, New Jersey, is the largest health insurer in the State of New Jersey, with more than 4,400 employees serving over 3.1 million customers. Horizon has refused to pay for the full costs of treatment for Eating Disorders for plaintiffs' daughters, claiming that the illness is not "biologically based."

8. Horizon has breached its contract of insurance with plaintiffs and all class members, and has thereby damaged them. Horizon's wrongful refusal to pay for all treatment and medical costs relating to Eating Disorders is a violation of N.J.S.A. 17:48-6v and/or N.J.S.A. 26:2J-4.20.

9. Plaintiffs satisfy the requirement for certification of a class, or subclass, pursuant to Fed. R. Civ. P. 23.

10. Plaintiffs are representatives of, and similarly situated to, a class of all individuals who are covered by medical insurance but who are denied coverage for medical costs relating to the treatment of Eating Disorders.

11. Plaintiffs as representative parties will fairly and adequately protect the interests of this class.

12. The exact number of class members is not known, but on information and belief, is estimated to exceed hundreds of individuals. Because this class is so numerous, joinder of individual plaintiffs is impracticable.

13. This Class Action presents questions of law and fact common to the entire class, affecting the rights of each member. The entire class was subject to the same company wide policy of setting limitations on payments and denying or reducing coverage for treatment of Eating Disorders, and they share legal claims arising from identical or similar legal issues.

14. Moreover, the relief sought, including damages for un-reimbursed claims, is common to the entire class.

15. Defendants' defenses to these identical claims likewise would be identical.

16. Judicial economy, fairness, and consistency would be served by maintenance of this action as a class action in that:

- Prosecution of numerous individual class members' actions involving the same claims would be costly and unnecessarily repetitive;
- Because the class members' claims are identical, inconsistent adjudication of these claims would be

undesirable from a public policy perspective as well as for Horizon in establishing consistent standards with regard to payment for treatment of Eating Disorders.

17. Final injunctive and declaratory relief as to the entire class would be appropriate, in light of the fact that Horizon has acted in a similar manner and has refused to pay for all the treatment and medical costs relating to Eating Disorders.

WHEREFORE, plaintiffs, on behalf of themselves and all other members of the class, demand:

A. Compensatory, statutory and punitive damages;

B. The issuance of a mandatory injunction requiring payment of medical claims related to the care and treatment of Eating Disorders;

C. Reasonable attorneys fees, costs and interest; and

D. Such other, further and different relief as the Court may deem proper.

## SECOND COUNT

18. Plaintiffs repeat and restate the allegations contained in the First Count of the Complaint as if set forth at length herein.

19. Pursuant to Horizon's obligations under ERISA and the contracts between Horizon and plaintiffs and the class, Horizon must provide coverage for all treatment and care relating to

Eating Disorders.

20. By failing to provide coverage for all treatment and care relating to Eating Disorders, Horizon breached its contract with plaintiffs and the class in violation of ERISA.

21. As a result of the foregoing, plaintiffs and the class have suffered damage and continue to suffer damage.

WHEREFORE, plaintiffs, on behalf of themselves and all other members of the class, demand:

    A.    Compensatory, statutory and punitive damages;

    B.    All damages allowed pursuant to ERISA;

    C.    The issuance of a mandatory injunction requiring payment of medical claims related to the care and treatment of Eating Disorders;

    D.    Reasonable attorneys fees, costs and interest; and

    E.    Such other, further and different relief as the Court may deem proper.

### THIRD COUNT

22. Plaintiffs repeat and restate the allegations contained in the First and Second Counts of the Complaint as if set forth at length herein.

23. Under ERISA, Horizon acted as fiduciary to plaintiffs and the class in connection with beneficiaries' group health plans.

6

24. As fiduciary of group health plans under ERISA, Horizon owes beneficiaries in such plans, a duty of care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character. Further, pursuant to ERISA, fiduciaries must ensure that they are acting in accordance with the documents and instruments governing the plan. In failing to act prudently, and in failing to act in accordance with the documents and instruments governing the plan, Horizon violated its fiduciary duty of care.

25. Pursuant to ERISA, as a fiduciary of a group health plan under ERISA, Horizon owes beneficiaries a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries. Horizon cannot, for example, make benefit determinations for the purpose of saving money at the expense of beneficiaries.

26. Horizon violated its fiduciary duties of care and loyalty by, among other things, setting limitations on payments and denying or reducing coverage for treatment of Eating Disorders.

27. As a result of Horizon's violations of its fiduciary

duties under ERISA and common law, plaintiffs and the class have suffered damage and continue to suffer damage.

WHEREFORE, plaintiffs, on behalf of themselves and all other members of the class, demand:

- A. Compensatory, statutory and punitive damages;
- B. All damages allowed pursuant to ERISA;
- C. The issuance of a mandatory injunction requiring payment of medical claims related to the care and treatment of Eating Disorders;
- D. Reasonable attorneys fees, costs and interest; and
- E. Such other, further and different relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues herein.

NAGEL RICE & MAZIE, LLP
Bruce H. Nagel, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068

By: _____
BRUCE H. NAGEL (BN 6765)

Dated:

8