**FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| DAWN BEYE, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Case No. 06-5337 |
| | : | |
| v. | : | **ORDER and OPINION** |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | : | Date: August 1, 2008 |
| | : | |
| Defendants. | : | |

| | : | |
|---|---|---|
| SUZANNE FOLEY, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Case No. 06-6219 |
| | : | |
| v. | : | |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**HOCHBERG, District Judge**

For the reasons set forth in the Court's opinion filed concurrently,

**IT IS** this 1st day of August, 2008

**ORDERED** that Defendants' motion to dismiss[1] counts one, two, four, five, seven, eight, nine, and ten of the Beye complaint as preempted by ERISA as to ERISA Plaintiff Byram is **GRANTED**; and it is further

---

[1] This order disposes of the following motions: Beye DKT#s 119, 120, 121; Foley DKT#s 91, 92, 93.

**ORDERED** that Defendants' motion to dismiss counts two and four of the Foley Complaint as preempted by ERISA as to ERISA Plaintiff Drazin is **GRANTED**; and it is further

**ORDERED** that, to the extent that the Beye and Foley complaints can be read to assert ERISA claims on behalf of non-ERISA Plaintiffs, those claims are **DISMISSED**; and it is further

**ORDERED** that Defendants' motions to dismiss the non-ERISA Plaintiffs' claims under the Parity Law are **DENIED** without prejudice and may be re-raised, if still relevant, following the Court's decision as to jurisdiction over the non-ERISA Plaintiffs; and it is further

**ORDERED** that Defendants' motions to dismiss other common law and state claims brought by the non-ERISA Plaintiffs are **DENIED** without prejudice and may be re-raised, if still relevant, following the Court's decision as to jurisdiction over the non-ERISA Plaintiffs; and it is further

**ORDERED** that those claims against Green Spring, Magellan Health Services, Inc., and Magellan Behavioral Health, Inc. arising prior to January 5, 2004 are **DISMISSED** as barred by the Bankruptcy Code; and it is further

**ORDERED** Defendants' motions to dismiss are **DENIED** in all other respects; and it is further

**ORDERED** that, discovery having been recently completed, not later than **September 2, 2008** Defendants may submit a motion on the issue of subject matter jurisdiction over the non-ERISA Plaintiffs, in which Defendants shall discuss whether the prerequisites of CAFA jurisdiction are met, and if so, whether any of the CAFA exceptions apply;[2] Plaintiffs shall file

---

[2] Any such motion must be accompanied by appropriate proofs to support Defendants' position.  Further, any motion filed should address both CAFA jurisdiction under 28

opposition papers not later than **September 12, 2008**; Defendants may submit a reply not later than **September 19, 2008**; and it is further

  **ORDERED** that, if the parties are not in disagreement as to the existence or nonexistence of CAFA jurisdiction over the non-ERISA Plaintiffs, the parties shall, not later than **September 2, 2008**, submit a joint statement setting forth the specific reasons why this Court may or may not assert jurisdiction over the non-ERISA Plaintiffs, accompanied by supporting evidence; and it is further

  **ORDERED** that, because Suzanne Foley has been terminated as a Representative Plaintiff, the Foley Plaintiffs shall show cause not later than **Wednesday, August 6, 2008** as to why the Court should not enter an order amending the caption in this matter to reflect her termination.

                /s/ Faith S. Hochberg

                **HON. FAITH S. HOCHBERG, U.S.D.J.**

---

U.S.C. § 1332(d) and, if relevant, supplemental jurisdiction under 28 U.S.C. § 1367.