NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BEYE, et al., | : |
| Plaintiffs, | : Civil Case No. 06-5337 |
| v. | : **ORDER** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | : Date: September 29, 2008 |
| Defendants. | : |
| | |
| RONALD DRAZIN, et al., | : |
| Plaintiffs, | : Civil Case No. 06-6219 |
| v. | : |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | : |
| Defendants. | : |

**HOCHBERG, District Judge**

This matter having come before the Court as a result of privilege disputes which were brought to the Court's attention by way of Letter from all counsel dated June 16, 2008, at which time defendants advised the Court that they had designated several hundred documents totaling approximately 1,000 pages as privileged or protected from disclosure under the work product rule; and the Court having advised the parties that, given the volume of documents, it may consider the appointment of a Special Master; and the Court concluding that the submission of

claims of privilege/work product protection to a Special Master appointed under Fed. R. Civ. P. 53 is warranted by the expected volume of such claims and challenges and by the likelihood that in camera inspection may be needed to rule on these claims; and the Court concluding that the task of ruling upon such challenges should be accomplished, to the extent possible, by someone other than the judge to whom this litigation has been assigned,

and the Court having determined that Douglas Wolfson should serve as a Special Master, and the proposed Special Master advising that he and his firm do not have any conflicts that would preclude appointment, and the parties not having identified any conflict which would preclude appointment, and for good cause shown,

**IT IS** on this 29th day of September, 2008

**ORDERED** that Douglas Wolfson is hereby appointed under Rule 53 as Special Master for the purpose of considering all claims of privilege and work product protection that have been asserted over documents listed on various parties' privilege logs and for such other matters and duties as the Court may deem appropriate to refer to the Special Master, upon notice to the parties.  The Special Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral; and it is further

**ORDERED** that the Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.  Until directed otherwise by the Special Master or the Court, each party shall provide the Special Master with a privilege log that identifies the document or other communication sought to be protected from disclosure, including the date, the person making the statement, the persons to whom or in whose presence the statement was made,

or persons to whom copies of such documents were disclosed, the general subject matter of the communication (unless itself claimed to be privileged), the particular privilege(s), or doctrine(s) upon which protection against disclosure is based, and any other circumstances affecting the existence, extent, or waiver of the privilege. When appropriate, the Special Master may require that this documentation of claims of privilege or applicability of the work product rule be verified. The Special Master shall create a record of proceedings, take testimony or obtain submissions, and impose whatever procedures he deems appropriate. No motions may be filed without permission of the Special Master and the Court; and it is further

**ORDERED** that, no later than **November 11, 2008**, the Special Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties and shall report same to the United States District Judge pursuant to Rule 53(f) as applicable in nonjury actions. If any party has an objection to the rulings of the Special Master, that party shall bring the matter to the attention of the Magistrate Judge within five days of the ruling. Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts of the report, if any, that may be privileged or protected by the work product rule shall be filed under seal pending further Order of the Court and a redacted version of the report shall be provided to the parties and filed on the public docket; and it further

**ORDERED** that compensation shall be $450 per hour[1] and shall be paid to the Special

---

[1] Fees in the amounts of $400-$500 have been approved in other cases. See, e.g., Smart Parts, Inc. V. WDP Ltd., No. 02-1557, 2005 WL 35834, at *6 (D. Or. Jan. 7, 2005) (approving $500 per hour); Triple Five of Minn. v. Simon, No. Civ.99-1894, 2003 WL 22859834, at *2 (D.

Master on a periodic basis by the parties, together with reimbursement for reasonable expenses incurred by the Special Master.  The Special Master may employ firm attorneys at a rate of $280 per hour.  Such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review.  The compensation shall be split between the parties at this time and be the responsibility of the parties and not the law firms representing them.  Final allocation of these amounts shall be subject to taxation as costs at the conclusion of the case at the discretion of the court.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

Minn. Dec. 1, 2003) (approving $400 per hour); see also Fund for Accurate & Informed Representation, Inc. v. Werpin, No. 92-cv-283, 1992 WL 512410, at *5 (N.D.N.Y. Dec. 23, 1992) (approving $300 rate for retired Judge Frederick Lacey).