**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD DRAZIN, *et al.*, | : |
| | : Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | : |
| | : Civil Case No. 06-6219 |
| v. | : |
| | : **ORDER** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., *et al.*, | : |
| | : Date:  May 15, 2012 |
| Defendants. | : |

**HOCHBERG, District Judge:**

      This matter comes before the Court upon Special Master Douglas K. Wolfson's Report and Recommendation ("R&R") regarding Nagel Rice LLP's ("Nagel Rice") lodestar, filed on April 5, 2012.

      Special Master Wolfson recommends a lodestar amount of fees and expenses of $1,681,491.79, comprising a recommended adjusted lodestar of $1,568,986.05 and a recommended allowance for expenses of $112,505.74.  In reaching this recommendation, Special Master Wolfson excludes $73,405.25 in billed time from the time and expense reports submitted to the Court by Nagel Rice.  This exclusion comprises $42,065.25 in fees which Nagel Rice acknowledged were excludable and $31,340 in fees which Special Master Wolfson found to be excludable because that billable time was either related to the side battle with Mazie Slater Katz & Freeman LLC or was duplicative and unnecessary.

On April 9, 2012, the Court ordered the parties to file any responses to Special Master Wolfson's R&R by April 19, 2012. Bruce Nagel, Esq. of Nagel Rice LLP filed the only response, in which he stated that Nagel Rice LLP has no objection to the R&R. No response was filed by any other party. Therefore, the Court will adopt Special Master Wolfson's R&R.

In its response, Nagel Rice seeks a lodestar multiplier of 1.4. If the Court were to grant a multiplier of 1.4 to the recommended lodestar of $1,568,986.05, it would result in a total fee award of $2,196,580.47. After adding the recommended allowance for expenses of $112,505.74, the total award of fees and costs to Nagel Rice would be $2,309,086.21.[1]

In the Settlement approved by this Court on May 29, 2009, Defendants agreed not to object to an award of attorneys' fees and costs of up to $2,450,000. The upward multiplier of 1.4 requested by Nagel Rice, which results in a total award within those parameters, is reasonable given the significance and complexity of this action as well as the substantial relief obtained for the Class. *See e.g.*, *In re Veritas Software Corp. Sec. Litig.*, 396 Fed. Appx. 815, 818-19 (3d Cir. 2010) (finding a lodestar of 1.52 to be "well within the range of attorneys' fees awarded and approved by [the Third Circuit]"); *In re Cendant PRIDES Litig.*, 243 F.3d 722, 742 (3d Cir. 2001) (suggesting a multiplier of 3 as a ceiling); *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 479 (D.N.J. 2008) (finding a multiplier of almost 2.3 to be reasonable); *In re Remeron Direct Purchaser Antitrust Litig.*, No. 03-0085, 2005 WL 3008808, at *17 (D.N.J. Nov. 9, 2005) (approving a multiplier of 1.8 and noting that "[a]n examination of recently approved multipliers reveals" that multiplier to be "on the low end of the spectrum") (internal quotation marks omitted).

For the reasons stated above, **IT IS** on this 15th day of May, 2012,

---

[1] It is not necessary to deduct Special Master Wolfson's fees ($19,260), as that amount has already been paid by Nagel Rice per the Court's April 27, 2012 Order (Docket # 317).

**ORDERED** that the Report and Recommendation of Special Master Wolfson is **ADOPTED**; and

**IT IS FURTHER ORDERED** that Nagel Rice's request for a lodestar multiplier of 1.4 is **GRANTED**, which results in a fee award of $2,196,580.47 plus expenses of $112,505.74, resulting in a total award of fees and costs of $2,309,086.21; and

**IT IS FURTHER ORDERED** that Nagel Rice LLP shall recover $2,196,580.47 in fees and $112,505.74 in costs.

/s/ *Faith S. Hochberg*
Hon. Faith S. Hochberg
United States District Judge